**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ANUWAVE LLC** § § § | |
| Plaintiff, § | CIVIL ACTION NO. |
| § | |
| v. § | JURY TRIAL DEMANDED |
| § | |
| **MUFG UNION BANK, N.A. d/b/a** § **UNION BANK** § § | |
| § § | |
| Defendant. § | |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

COMES NOW, Plaintiff Anuwave, LLC ("Anuwave" or Plaintiff), through the undersigned attorneys, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin defendant MUFG Union Bank, N.A., d/b/a Union Bank (hereinafter "Defendant") from infringing and profiting, in an illegal and unauthorized manner and without authorization and/or of the consent from Anuwave, from U.S. Patent No. 8,295,862 (the "'862 patent", attached hereto as Exhibit "A") pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff Anuwave is a Texas entity with its principal place of business at 1333 McDermott Drive, Suite 150, Allen, TX 75013.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of California, with a mailing address at 400 California St., San Francisco, CA 94104.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq*.

5. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction, as alleged herein, as well as because of the injury to Anuwave, and the cause of action Anuwave has risen, as alleged herein.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

7. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses or induces others to use services or products in Texas, including this judicial district, that infringe the '862 patent.

8. Specifically, Defendant solicits business from and markets its services to consumers within Texas, including the geographic region within the Eastern District of Texas, by offering text banking services for said Texas consumers enabling them to communicate with other parties using said connection.

9. In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling text banking services which include features that fall within the scope of at least one claim of the '862 patent.

10. Venue lies in this judicial district pursuant to 28 U.S.C. §§1391 and 1400(b).

## FACTUAL ALLEGATIONS

11. On October 23, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '862 patent, entitled "Method and system to enable communication through SMS communication channel" after a full and fair examination. (Exhibit A).

12. Anuwave is presently the owner of the patent, having received all right, title and interest in and to the '862 patent from the previous assignee of record. Anuwave possesses all rights of recovery under the '862 patent, including the exclusive right to recover for past infringement.

13. The '862 patent contains two independent claims and five dependent claims. Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '862 patent.

14. The invention claimed in the '862 patent comprises a method for enabling communication through SMS that lists all services at a terminal station available with an SMS gateway according to meta information found at the terminal station.

15. The method allows a user to type in a desired parameter not listed at the terminal station using a network aware application. When the request is submitted to the SMS gateway, the gateway issues a response.

### DEFENDANT'S PRODUCTS

16. Defendant offers text banking services for individuals and businesses, such as "Union Bank Text Banking" (the "Accused Instrumentality"), that enable communication through an SMS channel, whereby any of Defendant's customers can use their own SMS-enabled mobile device to quickly access basic account information using text commands.

17. The Accused Instrumentality lists all services at a terminal station available with an SMS gateway according to meta information found at the terminal station and allows a user to type in a desired parameter not listed at the terminal station using a network aware application. When the request is submitted to the SMS gateway, the gateway issues a response.

18. Thus, Defendant's use of the Accused Instrumentality, including the use by Defendants' customers and employees, is enabled by the process described in the '862 patent.

### INFRINGEMENT OF THE '862 PATENT

19. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 to 18.

20. In violation of 35 U.S.C. § 271, Defendant is now, and has been directly and indirectly infringing the '862 patent.

21. Defendant has had knowledge of infringement of the '862 patent at least as of the service of the present complaint.

22. Defendant has directly infringed and continues to directly infringe at least claim 7 of the '862 patent by making, using, importing, offering for sale, and/or selling the Accused

Instrumentality through its website without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '862 patent, Plaintiff has been and continues to be damaged.

23. Defendant has indirectly infringed and continues to indirectly infringe at least claim 7 of the '862 patent by actively inducing its respective customers, users, and/or licensees to directly infringe by using, selling, offering to sell and/or importing the Accused Instrumentality. Defendant engaged or will have engaged in such inducement having knowledge of the '862 patent. Furthermore, Defendant knew or should have known that its action would induce direct infringement by others and intended that its actions would induce direct infringement by others. For example, Defendant sells, offers for sale and advertises the Accused Instrumentality in Texas specifically intending that its customers buy and use said products. Furthermore, Defendant's customers' use of the Accused Instrumentality is facilitated by the use of the system described in the '862 patent. As a direct and proximate result of Defendant's indirect infringement by inducement of the '862 patent, Plaintiff has been and continues to be damaged.

24. Defendant has contributorily infringed and continues to contributorily infringe at least claim 7 of the '862 patent by selling and/or offering to sell the Accused Instrumentality, whose infringing features are not a staple article of commerce and when used by a third-party, such as a customer, can only be used in a way that infringes the '862 patent. Defendant has done this with knowledge of the '862 patent and knowledge that the Accused Instrumentality constitutes a material part of the invention claimed in the '862 patent. Defendant engaged or will have engaged in such contributory infringement having knowledge of the '862 patent. As a

direct and proximate result of Defendant's contributory infringement of the '862 patent, Plaintiff has been and continues to be damaged.

25. By engaging in the conduct described herein, Defendant has injured Anuwave and is thus liable for infringement of the '862 patent, pursuant to 35 U.S.C. § 271.

26. Defendant has committed these acts of infringement without license or authorization.

27. As a result of Defendant's infringement of the '862 patent, Anuwave has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

28. Anuwave will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Anuwave is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

## DEMAND FOR JURY TRIAL

29. Anuwave demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Anuwave prays for the following relief:

1. That Defendant be adjudged to have infringed the '862 patent, directly and/or indirectly, by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents;

2. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with

any of them, be permanently restrained and enjoined from directly and/or indirectly infringing the '862 patent;

3. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Anuwave for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

4. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

5. That Defendant be directed to pay enhanced damages, including Anuwave's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

6. That Anuwave have such other and further relief as this Court may deem just and proper.

Dated: November 30, 2015				Respectfully Submitted,

						By:

						*/s/ Eugenio J. Torres-Oyola*
						Eugenio J. Torres-Oyola
						USDC No. 215505
						**Ferraiuoli LLC**
						221 Plaza, 5th Floor
						221 Ponce de León Avenue
						San Juan, PR 00917
						Telephone: (787) 766-7000
						Facsimile: (787) 766-7001
						Email: etorres@ferraiuoli.com

						**ATTORNEYS FOR PLAINTIFF
						ANUWAVE, LLC**